1 1 6 9 8 9 people the state of Illinois versus Mary M. Holt. Are the parties ready to proceed? You may proceed. Good morning. I'm Chris White from the Office of the State Appellate Defender on behalf of the defendant Mary Holt. The central question presented here is whether defense counsel is obligated to advocate his client's position that she's fit to stand trial where the state has raised an unspecified bonafide doubt regarding the defendant's fitness and defense counsel neither raises such a doubt nor joins in the state's motion. Here Ms. Holt was denied any meaningful representation by counsel where her counsel failed to affirmatively advocate that position that she was fit to stand trial and therefore we ask that you stand trial. It's rather an unusual situation here as I'm sure you know in that it was the state in this instance that moved to find the bonafide doubt of unfitness. I believe most times it's the defendant and the statute in such a case or in all cases requires that the state maintain the burden of proving the defendant fit. Here the state simply said that it had a bonafide doubt as to the any detail about what supported that what was the basis for that claim why it believed that she was unfit to stand trial but based upon that representation then and defense counsel didn't object I should say based upon that representation then the court ordered that she be sent for diagnostic testing at the King County Diagnostic Center. Doesn't a defendant have a due process right not to be tried if you're unfit? Absolutely but I think that's a question that we would have to get to at a later time. I mean that if defense counsel had raised this issue of unfitness there seems to be some presumption defense counsel is a little closer to the defendant at this situation. He could at least if he was making that allegation could have maybe provided a basis as why why defense counsel believed her to be unfit. In this case it was the state and the state didn't provide any basis for why she was simply raised the doubt of bonafide fitness and then was sent off to diagnostic testing. I think the problem that's created in a situation like that is it allows it allows a circumstance where you could have quarrelsome people who are subject to fitness procedures when they they are fit just to kind of get them out of the way because of the statutory burden. Wouldn't we be saying that an attorney is our is obligated to argue a position that could result in the denial of due process? Well he's going to accept your view? That's not my view it because we don't know is my view at this point. Counsel's position could be different than that of the client in it certainly in a circumstance like this. My view is that in a situation like this you should have a third party probably a which you would have in other types of situations representing the client's interest. It may turn out that the client is not fit and then you go back to the regular business. What's an attorney supposed to do if he represents a client that's that he believes is unfit? Well if he believes she's unfit, then the state in the state brings the motion or the court raises the question what's the lawyer supposed to do? Well if he believes she's unfit that that's a different circumstance. We didn't have that here. We simply have the defendant saying I don't object to her being sent to evaluation. If he raised it, it's a different situation because then you've got a case where defense counsel actually makes that that raises the issue of bona fide fitness and that's what most of these cases are in which case the state bearing the burden of proving fitness is appropriate. But here we don't the defense counsel didn't make that that that finding or didn't make that assertion. So if defense counsel truly believe that defense counsel should have made that motion or join the state's motion and in this case in particular because each case if the defense counsel raises it would be decided differently but I think in this case specifically because the defendant was able to provide information from other counselors people she's had a relationship with I think there's more of an obligation here to at least get a third party or a guardian of items view on the situation particularly where the record seems to show that she didn't really have a level she didn't seem to have from the record she didn't seem to have a problem understanding the process as a matter of fact the testimony of the evaluator was that she and I'm quoting was reasonably accurate regarding the role of the judge she had told the evaluator that she believed that her attorney was to defend her rights and her she knew that the state's attorney was had the obligation to protect the laws of the state those all seem to be pretty pretty compelling reasons to show that she was in fact not unfit in this situation she may have been mentally ill but she was not unfit Mr. White is it is there some time requirement or adversarial testing always required in a fitness hearing I mean where is it that it's required it you know you're bringing up what her defenses might be well I think and that's I think the problem they addressed it a little bit I think the look the appellate court with the area of mootness is this is kind of it's it's I think more serious than the appellate court called it a personal preference that she bound we found fit I mean I think there's certainly due process right here because she can especially in a case of misdemeanor like this one she will be confined or could very well be confined for a period of time in order to regain fitness longer than the entire sentence would have been this is these are both misdemeanor cases in which case she could have been certainly under six months or no jail time and in fact instead she was sentenced to she's actually sentenced but she was found unfit and subject to the jurisdiction of the Department of Human Services so I think fitness is one of those things an ultimate question like guilt or innocence or guilt or not guilty that is it has a significant burden on the defendant I mean the defendant is in a position here where a finding of unfitness could actually harm her significantly as as would a conviction unlike a situation where she just wants her counsel to raise a particular point to follow a particular trial strategy this goes to the ultimate finding of whether or not she is fit and in the case you're saying there is a requirement for adversarial testing I think so and I think you you've run a danger the way it's set up now because the statute provides that in all cases the state is the one who maintains the kind of a perfect storm of an example of how this this can happen is you can have someone who undoubtedly from the record was probably kind of a thorn in the side of the court or on the side of some of the council and it really has a look the record has a look of just get her out of here because she's causing problems and and I think that's a problem you run into kind of a and so the jury trial was really rendered meaningless here and they swore the jury they had one year the jury sitting there and then the state says we have the burden of proving the defendant fit we can't do that and then defense counsel gets up there and says we're asking that you find her unfit it seems to be kind of a waste of time of going through the jury process if you're going to have both sides advocating a position in this case adverse to the interests of that if defense counsel thinks that the defendant is unfit that we have a different situation then he would have an obligation to do exactly what you said he did here saying yeah we she's unfit it since the state has the burden and this to prove fitness right to go forward it's in there it's in their best interest to be able to say the defendant is fit we can go through with this right so the state says we can't do that in this case isn't that enough for the defendant to then in his mind at that point with the state saying that they can't forward isn't that enough information for him to not say oh yeah she really is fit we want to fit this here I don't think so in that case and that goes back to I think the problem you have with the way the system is set up and and the way that it could treat people who are maybe not really unfit but are just a problem because you could have states say especially in a case like this that's a misdemeanor say you know what we're maybe they even consider the fact that they can't win the misdemeanor plan that's always a chance to and say no we we just think she's not fit and then they send her away and the punishment can actually be more harsh than it would have been had she just stood trial entered into the plea agreement as she did and gotten a more minimal prison sentence or jail sentence so I I think depending on the situation of when defense counsel raises that what the what the other facts in the record are here she had a letter from another counselor she's actually from an area other than the area in which she was arrested here so she has professional relationships with other people there who are know her and familiar with her and those people could have been brought in as witnesses or if there had been someone who was advocating her position perhaps other than defense counsel because defense counsel may to have an interest in she's unfit we can't try her so she can maybe go home his interest strategically might be to get that unfitness hearing whereas her interest is not to have the unfitness determination because of the problems who gets to make the decision in other words are you saying that this is a decision that the defendant can make or is this a decision the trial counsel is matter of strategy the decision is to pursue the pursue the fitness issue I think much like pleading guilty other things I think that's the kind of thing that probably should be should rest with defense counsel I'm sorry with defendant it may be a case where it's completely obvious that she's unfit she doesn't know what the judge is and there's a bunch of people here I don't know who they are you might have a it's pretty clear and in which case if you had say a guardian of item looking out for her position who says yeah she's completely unfit I've tested her and there's there's no way that she could understand the process significantly enough to participate I think that would be be fine and it may be more of a concern in cases where you have defense counsel raising that but I think as long as you have a situation like the one here where she actually comes in and will testify that I am fit and experts that defense counsel knew about and could have called in fact tried to get as an independent evaluator but was unsuccessful in doing that but he could have called that person as a witness and it may have been a different outcome so you're you're saying that we do we know what the defense attorney concluded in this case in other words it could he well have thought she really is unfit she doesn't believe it but but she is and so regardless of what the attorney thinks he's required to fight this thing he might try to prove that or he's required to fight it so that he maybe thinks I've got an unfit client who's going to be found fit how's that how does that work well we don't know that he agreed that she wasn't fit if he had said I'm raising the doubt is bonafide fitness and usually and I think the court here fell down a little bit here too because usually the court would say what is the basis for this you know why do you think this is true and defense counsel could probably rattle off a half a dozen things but here we had the state do it and that was never really approached it just seemed everybody said great let's get her out of here send her over to be diagnosed and she's probably unfit so I don't think there's anything in the record to really suggest that defense counsel actually believed her to be unfit and just sort of acquiesced I mean he may have done that but he may just as easily has decided that once the state had raised bonafide doubt given the way the system is set up and the burden shared by the state or held by the state that the jury trial was going but she was examined here wasn't she she was examined by yes and they had a jury trial right they had her at trial but even the examiners position was oh she's got an unspecified mood disorder and when asked specifically about those questions that are related to the trial process she understands the judge how the role of the judge she understands the role of her attorney she understands the role of the prosecutor so it it seems how does the fact that the defendant can't waive waiver on competence right right right so if she's incompetent she can't say I want to proceed anyway right so what you're talking about the specific facts of this case the state says we can't meet our burden that this defendant is fit how does that enter into whether counsel's ineffective at that point and whether he has to balance am I asserting now in light of what the state has done here that I'm asserting that she's ready to waive her competence you know she's saying I'm fit I'm fit I'm fit does that have any bearing that she can't waive her own competence in the in the determination of whether counsel is ineffective I don't think so I mean you may you probably would get situations where you might just have the defendant is the only one out of the entire country that thinks she's fit and in those situations I don't think you're really going to have much of a problem even if she's maintaining her fitness because even if you were to appoint a guardian ad litem who's going to quickly determine that she is fit or he's not fit rather or if it's so unfit that all the parties agree and she's evaluated it may not be necessary but here you actually had other evidence that could have been presented so it really looks more like a situation where we don't really want to be bothered with all of that she's been a problem she speaks out at court let's just send her away and let's look at it from the other perspective you you've been something you know it's a little cynical I think really to say okay well it's a misdemeanor case we have a defendant that's just kind of problematic and what what position does the state who has now decided that they cannot meet their burden of proving that she is fit and now you've got the defendant putting on evidence that she's fit the state has already said we don't feel they're on the record saying we can't meet our burden and now we're going through a trial where the issue then becomes whether or not the defendant was competent in that or not and waived her to proceed I mean it's well I agree with you whether you started with it's a strange situation well if the defendant is putting on some evidence then perhaps that's reason enough that you would need a guardian ad litem to represent the defendant's interests to say yes this person is fit or no this person isn't fit particularly here where it it seems from the record she filed her own motion to withdraw the plea well what if the guardian ad litem doesn't think she's I mean then you have to point to somebody else no I don't think it has to go on indefinitely and in fact this is Thomas just said I don't think this is a common situation at all where it would it would be that big of a situation although I do think it's more likely going to occur in a misdemeanor situation in a felony situation why is it because the the punishment here it's not going to matter as much probably for someone who's ultimately convicted of a felony because their sentence will be so long here it's easy to just on behalf of all of the parties to ship her away for a period of time that would exceed the amount of time that would have been her percent she could be there saying I want to be fit I want to be fit I want to plead and if I plead I'm gonna get you know five days in jail or whatever it may be but by being found unfit she goes through this entire process with regards to the guardian ad litem though but the guardian ad litem job isn't to make a decision on whether she's fit or unfit isn't it the guardian ad litem's position to just bring some facts to the court about background and and her conduct as as opposed to making the decision because I mean then we're usurping the the jury or the judicial process to have a guardian ad litem make a decision no I would agree I don't think the guardian ad litem makes the ultimate decision but it's one more player who could say you know no I think I've talked to her and she knows who the judges she understands she may be mentally ill but I believe she's competent for this purpose and it's necessary I think in a situation like this because counsel's interests may lie may have different different interests strategically because I'm sure counsel that's what you want is fitness because she won't be subject to prosecution at that point so there's an interest in counsel wanting her to be found unfit or there may be an interest in counsel in addition not having an unfit defendant being tried yeah isn't that a paramount interest let me just back up and clarify a couple things for myself anyone can raise the issue of bona fide doubt either party or the court but the court has to order the has to find that there's a bona fide doubt to order the examination correct so there's kind of a gatekeeper there the burden then becomes the state the state couldn't sustain its burden so then are you saying a defense counsel has the burden to to assume the state's position and prove unfitness or prove fitness when the defense of the state says it can't isn't that an indication that defense counsel agrees there's a at least a bona fide doubt or more more than that when he joined or makes the motion for a directed verdict yes or no well I I don't know maybe he just knows that the that once the state raises that claim it says it can't meet its burden it's not going to go any further maybe one other question follow-up you talk some of your arguments sounds like you're contesting the finding on fitness are you when you say just shift her away what have you are you can are you contesting that in these I don't think there's enough evidence here to contest it and I think that's a major problem is we just we don't know she had significant evidence judge found her unfit based upon the expert examination right but not based upon her witnesses other psychologists were those were those tendered are they on the record what else would be and that's part of it well they're in there are you contesting the bone in the record but they weren't ever presented because are you contesting the bona fide doubt and the examination in this particular circumstance yes because I don't I don't think there was enough here to substantiate that bona fide doubt and there wasn't the process of the protections in place to ensure that it was accurate thank you council thank you you good morning your honors may it please the court so I'm assistant attorney general Matthew Becker on behalf of the people of the state of Illinois now my opponent's main argument in his oral presentation as in his reply brief appears to be that if counsel concludes that the defendant is unfit counsel has to somehow join the state's motion asserting a bona fide doubt and that's a little bit of an odd proposition here because ordinarily as we say on page 15 of our brief the greater includes the lesser if counsel has an independent duty to raise a bona fide doubt about fitness over the client's objection surely counsel can just not object when the state raises a bona fide now to the extent that my opponent is suggesting that we don't know what happened here and what prompted the bona fide doubt on the state's part it's important to back up a little bit and walk through the record before the council whose conduct is challenged here was appointed the defendant had been represented by retained counsel helped her through a plea process and that pages are three and four purported proceedings she's admonished she's told that she that she's pleading guilty to a misdemeanor she's told twice that this is going to be a conviction and then a couple of months later she moves successfully to get that plea overturned in part on the ground that counsel had allegedly convinced her that this would not result in a conviction so in other words at that stage unless she's malingering and no one's suggesting that here she didn't appear to understand that a guilty plea results in a conviction now there's something else on the record here in May of 2011 when this council was appointed the defendant filed a pro se motion to quash the charges and this is at item c54 in the common law record and one of the theories she asserts in that motion to the best of our understanding is that there was some kind of video taken of the arrest and according to the defendants pro se motion that video must have been altered because the person in the video is wearing an item of clothing different than what she was wearing on that day so reading between the lines it is likely that when counsel looked at the file and certainly when the state's attorneys looked at this file they had that in the background of some sense of possible paranoid ideation there and some confusion about what's really going on now it's just one month later in June of 2011 that the state stands up and asserts its bona fide doubt and it's at that time that defense counsel says yes no objection but also note that under this courts and the US Supreme Court's ineffective assistance precedents ordinarily ambiguities in the record are construed in favor of the proposition that counsel was acting reasonably and counsel knew what was going on now turning to the fitness hearing itself which happened several months later at that time counsel has seen counsel for both sides seen several pro se motions addressing the defendants own theories right before the hearing counsel gets up in front of the judge and they're talking about how they're going to proceed at this fitness hearing and counsel for the defendant actually suggests that he is going to be pursuing a finding of non-fitness and maybe making a motion for a directed verdict if the state can't meet its burden you can find that at our 98 report of proceedings and then in his opening statement to the jurors counsel says he's going to be asking them for finding of unfitness and he suspects the state is not going to be able to carry out its burden would also note that when the judge is going through the instructions to the jurors at the beginning of the what dear process for this fitness hearing the judge previews a list of witnesses and I will I can't independently verify who was actually there and who was not but I know that her former former counsel was listed that is that the retained counsel who had walked her through the initial plea was on the list of potential witnesses and her treating psychologist was so it looks as though someone had arranged for them to be there unless that was just an error so in any event it's hard to say here that using common sense counsel had not concluded that the defendant was another record issue my opponent suggests the record shows here that other people were willing to testify on the defendant's behalf on this fitness issue and what he points to in his brief items c157 and 161 in the common law record and the first of these is really just the trial courts written order denying counsel's motion for appointment of an independent expert so that doesn't really go to this point c161 is a document that defendant herself prepared and she complains that her psychologist had not been subpoenaed but it doesn't really show what he would have said called as an expert and it doesn't explain obviously what he could have said as a lay witness wasn't appointed as an expert so again the first inference here is that counsel concluded would not help her and indeed he may have been ready to testify that he didn't think she was fit now as far as the question of who gets to make the decision about what position to take on the question of fitness here we differ from our opponent there in general two categories under constitutional law decisions made by the defense team when a defendant is represented there are those that are made by counsel and governed by a rule of reasonableness and there are those that are reserved exclusively to the defendant by virtue of some specific constitutional right other than the right to effective assistance of counsel this is one of those decisions that counsel has got to make first of all consider that in cases like Cooper the Supreme Court of the United States has explained that fitness is necessary because you have to be fit in order to waive or exercise those fundamental autonomy based rights like the right to decide whether to testify like the right to decide what kind of plea to enter and indeed in Cooper itself the Supreme Court of the United States says that the effective assistance right can't be exercised effectively unless there's a fit defendant and that's also embodied in the standard dusky and drope standard for fitness the defendant has to be able not only to understand the proceedings but also to rationally assist counsel with the defense so there's a sense here in which fitness is logically prior to just about everything else I would note further in framing these issues that if you look at typical decision-making if the client disagrees with counsel clients remedy is typically to try to fire counsel but that's subject to a the defendant has to be able to knowingly involuntarily waive the right to be represented so that standard may or may not map perfectly onto the standard for fitness but it's pretty close and then in more recent case of Indiana against Edwards the US Supreme Court went further and said well there are some cases where the defendant might be fit to proceed to trial but not fit to represent herself and the state may force representation on a defendant in that circumstance so these are hard questions we're not doubting that they're important moral and philosophical difficulties here as there always are when mental illness intersects with the law but this court should not constitutionalize the kind of rule my opponent is asking for now my opponent has also suggested some kind of guardian ad litem rule where either a guardian or another attorney it's not precisely clear comes in and advocates the defendant's subjective position now it's unclear how that kind of rule would have helped her here because the defendant made quite clear she was attempting to interrupt during the testimony and all of her pro se motions proceeding this that she thought she was fit so if the only thing that guardian ad litem would be as a mouthpiece for the defendant then that rule wouldn't help her and it's possible that in some cases a rule like the one my opponent is proposing could help some defendants but that doesn't deal with the fact that it's not constitutionally required and that it may be costly in certain cases to implement it might be harder in some counties than other I imagine that the stable of attorneys available in Washington or Vermillion might be different than the size of the group of attorneys available in say Cook County so that's a hard question we're not saying our opponents policy proposal would be frivolous but it should be considered in a different kind of setting either notice and comment rulemaking or possibly legislation indeed this might be the kind of issue that professional groups might want to weigh in on so for example in Indiana against Edwards there were a lot of amicus briefs filed in the Supreme Court and the American Psychiatric Association and the National Association of Criminal Defense Lawyers and the ABA all took slightly different positions and they actually adopted positions that you might call a little more paternalistic and a little bit less libertarian so if you're balancing all of these interests then you shouldn't do it in a constitutional rule particularly when the constitutional principle my point is relying on so murky instead you should do it through ordinary notice and comment rulemaking or through or allow another branch to do it through legislation there are no first does Austin M in any way apply in this case no it does not justice Carmier Austin M first the unique situation where at the guilt or innocence phase of a juvenile proceeding or a criminal case defense counsel telegraphs that he doesn't think his client is innocent and it's important to that because otherwise Austin M would become a kind of roving invitation to scrutinize counsel's mindset in an array of different decisions that counsel makes there's something fundamentally different about the question of guilt or innocence this is actually a concern raised in the dissent and holding Austin M to its facts and to counsel's position on the guilt or innocence issue would actually go a long way towards assuaging a lot of the concerns raised in the this case will court issues an opinion will be read undoubtedly to inform defense counsel what their conduct ought be in in these fitness cases so what rule are you suggesting that this court probably I know you said that you think it's a strategic decision one made by counsel but what is the what is the rule you're suggesting okay well the broader rule and it's probably the heaviest lift so you need not go so far would be to say that absent a conviction there isn't Sixth Amendment Strickland style prejudice but assuming that Sixth Amendment and Strickland analysis applies what we would be saying is that counsel has to make a reasonable decision and that's not just strategic as in all cases counsel's decision-making needs to be governed by strategy by the weighing of risks the weighing of different objective interests of the defendant and also by ethics ethical considerations and fundamental unwaverable rights of clients and of the court itself have always factored into these decisions so for instance counsel is never under a duty to suborn perjury even in cases where doing so might further the defendant's interest in not being convicted what you have is a right to counsel and counsel is an officer of the court and is constrained by certain ethical duties so of course counsel should investigate I don't think there was a failure to investigate here and of course counsel should confer with the client but at the end of the day if you take the objective interests and the ethical duties of counsel and the decision is reasonable then that should prevent further inquiry and it may be true that in some cases the defendant is isn't going to have as much discovery as she wants but the existence of constitutional rights has never meant that you always get as much discovery as you want in order to build a record that your rights were violated in a NAPU claim where you're alleging that the state used perjured testimony or a Brady claim where you're alleging that the state withheld exculpatory evidence you don't get to just take everyone after trial or mid trial and subject them to a new round of court hearings to figure out whether someone might have had some evidence that your constitutional rights were violated so here you can just fall back on the ordinary Strickland presumption that what counsel did was reasonable you should not presume that counsel was just being lazy or counsel was just attempting to conspire in the state that brings me to a final point about the record as a whole my opponent suggested that if you read it the record shows that people were trying to just shuffle this defendant offstage that's not what happened here after the first guilty plea was withdrawn everyone exercised caution that's what's going on there's a convergence of professional opinions among lawyers among the judge among the expert who examined the defendant that we need to pause here and ensure that she's fit before she proceeds to trial I would add that there's a recent statute that adds additional safeguards here public act 98 dash 1025 which was signed into law this last month adds a videotaping requirement for clinical interviews in this setting so in future cases not only will experts evaluate these defendants but in most cases they should be videotaping those and there will be an additional opportunity to probe the credibility of the interviews that way there's also a cap in specifically for misdemeanor cases so if for instance your underlying crime is only punishable by say up to six months imprisonment your confinement and the observation period for fitness purposes is not going to be able to exceed that now this new statute wouldn't really benefit the defendant here because her crimes were punishable by up to a year of imprisonment so her case would come out the same way under either statute but lest you be concerned this is something that's evolving and the legislature is addressing I would note pursuant to the court's order from this Monday we're going to be asking the circuit court to certify the record on appeal from defendants a second appeal which we haven't really been discussing here and that way the court will have an opportunity to review whatever documents it wants to again the parties haven't relied very extensively on that but for complete say mr. Becker as the case is argued as of today what is the fitness status of Mary Holt is that of record I guess I should ask you that first yet she has been restored to fitness and I am not aware of any determinations of unfitness in any other case so least on the fitness issue it's moot so then the question is does this meet one of the exceptions and the next question is how likely is this to recur as an exception the question of recurrence is difficult here and frankly under this court's precedents there's a little bit left to the eye of the beholder there anecdotally I would suggest that when a new kind of claim arises and gets teed up in the appellate courts and results in a published decision and then in a case before this court there's a search for more test cases so it may be that some of these cases will come out of the woodwork but I acknowledge that it's nonetheless potentially a very rare situation I would ask that if the court doesn't find that the public interest exception applies it also address the difficulty with the collateral consequences exception here at the time my opponent filed his opening brief he didn't have the benefit of read a P to be sure and at the time the appellate court issued its decision obviously read a P had not been decided but now after read a P there has to be a specific showing specific collateral consequences related to this particular defendant and we don't have that here we don't have citation of all the relevant statutes we don't have briefing on how it would work or on what her situation really is in terms of employment but you have agreed that the public interest exception applies is that correct yes that is our position or at least that that would be a fair reading and one other question when you were going over the duties of the attorney there can be situations that I guess you would agree that even though the state has the burden of proving fitness where the defense counsel is convinced that his client is that he hasn't he or she has an obligation to advocate that fitness he certainly has an ethical obligation to do so I don't think anyone would argue that the framework for fitness allows counsel to play games if counsel doesn't have a good faith basis for arguing that his client is unfit he probably can't just rely on the state's representations now of course the court also has an independent duty here the court needs to make an inquiry and the court has broad authority to order additional experts additional testimony later that we go back to I think your opening point is that common sense and the record would dictate that he did not believe that defendant was fit that's correct your honor and he need not have certainty on that point that the standard ultimately is going to be whether it's more likely than not that she's unfit and in balancing the risks here violating the process right it's safe to say that that counsel would treat a significant risk very seriously so what would have happened if say there's something in the record where he said I believed her I thought that she was fit he would have had that obligation to make that known even in light of the state saying we can't proceed he might have an ethical obligation I'm not sure that he would have a Sixth Amendment criminal right to counsel obligation that's actually a much harder question and you don't need to reach it here thank you thank you counsel thank you Dwight just had a few additional comments as justice Thomas's and counsel alluded is there's seems to be a lot of sort of common-sense determinations here I think that's what may have led to causing the problem here it would not have been difficult for defense counsel had defense counsel believed her to be unfit to raise a doubt of modified fitness or say we agree with the state rather than we we don't object I think there's there's enough ambiguity in that given the stakes here that I don't think we can presume and I'm not suggesting that is it was counsel said that counsel was lazy or being devious or anything I think it may have been a simple she's difficult she's obviously got some sort of mental issues I don't know what they are so I'm not going to object to this and again I think as counsel said you know there's some evidence in the record from the the expert that she was paranoid or delusional and those two that doesn't have to do with fitness necessarily it might but the fact counsel really knows what's going on I think is exactly the kind of thing that we have to protect against because we we don't know that counsel really knows what's going on here instead counsel just said I'll lay back I'll see what happens and things I think would be a lot simpler obviously we probably all agree that if the statute was written in such a way that person making this claim was actually given the burden if whether it be defense counsel or the state rather than the state it would be a much simpler situation the state would bear the burden of showing unfitness the defendant would if defendant raised it seems to be written with an eye towards most of these situations are going to be the defense having an interest in proving fitness and when defense or state rather and when the state as here advocates that responsibility to prove its burden I'm not sure it would have been even been required to present any witness testimony you know which creates another problem I mean we had in this case the evidence of the examiner but if state had just gotten up and said we have no evidence but we simply cannot meet our burden we don't believe she's fit and defense counsel moves for a directed verdict I think you're in the same boat here the jury's dismissed directed verdict is granted and there's no evidence and no one knows and I don't think the guardian ad litem here is going to be merely a mouthpiece for the defendant as counsel said this the record does establish that the defendant was interrupting counsel interrupting the proceedings and guardian ad litem here would simply be mouthing her opinion but that's not necessarily true because interrupting counsel and interrupting the proceedings aren't necessarily not understanding it could be simply I don't believe my lawyers advocating on my behalf just because she didn't understand it was a conviction granted she's told by the court but we see several instances where someone is told something from the court and they may not understand it it's a misdemeanor I didn't know that was a conviction that would be reported that type of thing her other complaint about her plea was that she didn't know that a class a was the most serious type of misdemeanor I think that's actually probably a pretty common misunderstanding people who don't understand if a one is more serious than or you know that type of situation so it does in fact reflect a certain level of sophistication to show that she does understand how that misdemeanor system works and maybe didn't hear the judge but understands enough and that wasn't contradicted by the record or by the expert that she she didn't understand what was going on it seems that she she had a pretty good idea of what was going on despite the fact she may have suffered from some other mental illness so for those reasons I would ask if there are no other questions that the appellate court decision be reversed. Thank you counsel. Case number one one six nine eight nine people the state of Illinois versus Mary M Holt will be taken under advisement as agenda number seven. Mr. White and Mr. Becker thank you for your arguments today and you're excused at this time.